# EXHIBIT

# A

Kreiner, Burke & Burns
Seth A. Kreiner (seth@kreinerlawfirm.com)
NJ ID No. 04237-1995
150 Essex Street, Suite 303
Millburn, NJ 07041
973-467-5511
tom@kreinerlawfirm.com
*Attorneys for Plaintiff MLD Mortgage, Inc.*
*d/b/a The Money Store*

| | |
|---|---|
| MLD MORTGAGE, INC. d/b/a The Money Store,<br><br>Plaintiff,<br><br>v.<br><br>THE MONEY SOURCE, INC.<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: MORRIS COUNTY**<br>**DOCKET NO.: MRS-L-**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff MLD MORTGAGE, INC. d/b/a The Money Store, a New Jersey Corporation, by way of Complaint against Defendant THE MONEY SOURCE, INC., alleges at all times herein material that:

## THE PARTIES

1. Plaintiff MLD Mortgage, Inc. d/b/a The Money Store ("MLD"), was and still is a business incorporated under the laws of the State of New Jersey, with a principal place of business at 30B Vreeland Road, Florham Park, NJ 07932.

2. At all times herein material, Defendant The Money Source, Inc. ("TMS"), was and still is a business incorporated under the laws of the State of New York, with its principal corporate headquarters and executive offices located at 135 Maxess Road, Melville, New York 11747.

## FACTS COMMON TO ALL COUNTS

### The Money Source's Dilution of The Money Store's Trademark

3. Plaintiff is a direct mortgage lender licensed in 43 states across the country.

4. Defendant is a nationwide aggregator and lender in the mortgage industry.

5. Plaintiff has a valid trademark for "The Money Store" name for money-lending services.

6. The Money Store's trademark has been registered with the United States Patent and Trademark Office since 1974.

7. Defendant provides services in the same market as Plaintiff.

8. Defendant uses the same marketing channels as Plaintiff.

9. Defendant's use of the name "The Money Source" has caused confusion for customers, given the obvious similarity, and has injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's trade name.

10. Furthermore, Defendant's continued use of the name The Money Source is likely to further injure Plaintiff's business reputation or further dilute the distinctive quality of Plaintiff's mark or trade name.

11. The following are some examples of regularly-occurring industry-wide confusion in the market place caused by Defendant's use of "The Money Source" name:

a. In May 2017, an escrow company in California, Villa Real Escrow, Inc., sent a payment demand letter to MLD for a trust deed that was held on a CA property by TMS;

b. On May 15, 2017, Loan Care LLC sent a lien release request to MLD, stating in pertinent part, "a lien release is being requested of the The Money Source, **which I believe is MLD Mortgage**" (emphasis added);

c. In April 2018, JP Morgan Chase Bank sent an urgent request to MLD requesting an executed Assignment of Mortgage to clear up chain of title for a property; but the mortgage to be assigned to chase was from TMS, not MLD;

d. In late June, early July, 2018, MLD received multiple inquiries from banks, mortgage brokers and other industry participants about its "recent layoffs"; MLD did not have any recent layoffs- TMS did;

e. On June 14, 2018, MLD received a cease- and-desist letter from Flagstar Bank, which alleged that a former Flagstar employee was recruiting personnel from Flagstar to work for MLD. But the former Flagstar employee referenced in the letter became an employee of TMS, not MLD;

f. On May 14, 2018, MLD received a letter from an NY law firm performing mortgage default services and requesting information about a property for which it believed MLD was a mortgage assignee. But the paperwork

attached to the letter indicated that TMS was the mortgage assignee;

g. On September 26, 2018, a borrower who believed his loan had been sold to MLD emailed and called MLD seek information about his loan; the loan had been sold to TMS, not MLD; and

h. On October 18, 2018, a representative of an escrow agent in Nashville, TN contacted MLD seeking borrower information for one of its loans; but the loan information being sought was for a loan originated by TMS, not MLD.

### Defendant Improperly Deducted Money Owed to Plaintiff

12. Plaintiff and Defendant entered into a correspondent agreement, dated January 10, 2013 (the "Agreement").

13. Pursuant to the Agreement, Plaintiff would offer to sell mortgage loans to Defendant, who would evaluate the loans and decide whether to agree to purchase said loans from MLD.

14. When purchasing loans from Plaintiff, Defendant improperly deducted from the purchase price and did not remit the full amount owed to Plaintiff.

15. On TMS Loan #7010078 (MLD Loan #150069), Defendant improperly deducted $28,233.63.

16. On TMS Loan #7016060 (MLD Loan #150726), Defendant improperly deducted $25,000.00.

17. On TMS Loan #7008623 (MLD Loan #149653), Defendant improperly deducted $25,000.00.

18. On TMS Loan #7008609 (MLD Loan #149648), Defendant improperly deducted $25,000.00.

19. On TMS Loan #7005967 (MLD Loan #148612), Defendant improperly deducted $22,816.12.

20. On TMS Loan #7008627 (MLD Loan #149185), Defendant improperly deducted $21,148.78.

21. On TMS Loan #7011820 (MLD Loan #150170), Defendant improperly deducted $8,563.11.

22. On TMS Loan #7005135 (MLD Loan #147913), Defendant improperly deducted $7,127.96.

23. The total amount Defendant owes Plaintiff for PA deductions taken on PA's is $162,889.60.

## CAUSES OF ACTION

### FIRST COUNT
(Trademark Dilution)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at

length herein.

25. Plaintiff has a valid trademark for The Money Store name.

26. Defendant's use of the name The Money Source has caused confusion for customers, and is likely to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's mark or trade name.

27. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff MLD Mortgage, Inc. d/b/a The Money Store hereby demands judgment against the Defendant The Money Source, Inc. for compensatory damages, punitive damages, interest, costs of suit, including reasonable attorneys' fees, and all other relief this Court may deem just and appropriate.

## SECOND COUNT
### (Preliminary Injunction)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

29. There is a high likelihood that Plaintiff's claim for trademark dilution against Defendant will succeed on the merits.

30. Defendant's use of The Money Source name has irreparably harmed, and continues to harm, Plaintiff.

31. Plaintiff is left with no adequate remedy at law to redress the irreparable harm that it has suffered, and continues to suffer, as a result of Defendant's dilution of Plaintiff's trademark.

32. The balancing of the equities favors Plaintiffs.

33. By reason of the foregoing, Plaintiff is entitled to a preliminary injunction, enjoining Defendants from their continued dilution, and interference with, Plaintiff's registered trademark.

**WHEREFORE**, Plaintiff MLD Mortgage, Inc. d/b/a The Money Store hereby demands judgment against the Defendant The Money Source, Inc. for a preliminary injunction enjoining and restraining Defendant from its continued dilution of, and interference with, Plaintiff's trademark of The Money Store name.

## THIRD COUNT
## ACTION FOR A PERMANENT INJUNCTION

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

35. Defendant's use of The Money Source name has irreparably harmed, and continues to harm, Plaintiff.

36. Plaintiff is suffering irreparable harm and will continue to suffer irreparable

harm absent the relief sought.

37. Plaintiff is left with no adequate remedy at law to redress the irreparable harm that it has suffered, and continues to suffer, as a result of Defendant's dilution of Plaintiff's trademark.

38. The balancing of the equities favors Plaintiffs.

39. By reason of the foregoing, Plaintiff is entitled to a permanent injunction, enjoining Defendants from their continued dilution, and interference with, Plaintiff's registered trademark.

**WHEREFORE**, Plaintiff MLD Mortgage, Inc. d/b/a The Money Store hereby demands judgment against the Defendant The Money Source, Inc. for a permanent injunction enjoining and restraining Defendant from its continued dilution of, and interference with, Plaintiff's trademark of The Money Store name.

## FOURTH COUNT

### AS AND FOR A FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

41. Plaintiff and Defendant entered into the Agreement on January 10, 2013.

42. Plaintiff has performed each and every one of their obligations pursuant to

the Agreement.

43. Defendant has failed to perform its obligations and breached the terms of the Agreement.

44. Defendant failed to remit the full amounts owed to Plaintiff for PA deductions taken on PA's

45. By reason of the foregoing, Plaintiff is entitled to money damages in the amount of $162,889.60, plus pre-judgment interest, attorneys' fees, costs and disbursements, and such other relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff MLD Mortgage, Inc. d/b/a The Money Store hereby demands judgment against the Defendant The Money Source, Inc. for compensatory damages, punitive damages, interest, costs of suit, including reasonable attorneys' fees, and all other relief this Court may deem just and appropriate.

## FIFTH COUNT
## UNJUST ENRICHMENT

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

47. Defendant has been unjustly enriched by its failure to remit the full amounts owed to Plaintiff for PA deductions taken on PA's.

48. There has been a failure to make restitution for these payments.

49. There is a legal or equitable obligation to account for the property or benefits, but such payments have not been made to Plaintiff.

50. Plaintiff suffered money damages as a result of Defendant's failure to remit the full amounts owed to Plaintiff.

51. By reason of the foregoing, Plaintiff is entitled to money damages in the amount of $162,889.60, plus pre-judgment interest, attorneys' fees, costs and disbursements, and such other relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff MLD Mortgage, Inc. d/b/a The Money Store hereby demands judgment against the Defendant The Money Source, Inc. for compensatory damages, punitive damages, interest, costs of suit, including reasonable attorneys' fees, and all other relief this Court may deem just and appropriate.

                                  KREINER, BURKE & BURNS
                                  Attorneys for Plaintiff MLD, Inc.
                                  d/b/a The Money Store

                                  */S/ Seth A. Kreiner*
                             By:_____
                                  Seth A. Kreiner

Dated: November 14, 2018

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Seth A. Kreiner, Esq. and Thomas J. Burns III, Esq. are Plaintiff's designated trial counsel in the above-captioned matter.

## R. 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no other party who should be joined in the action at this time; and, per R. 1:38-7, that there are no personal identifiers requiring redaction herein or attached hereto.

KREINER, BURKE & BURNS
Attorneys for Plaintiff MLD, Inc.
d/b/a The Money Store

By: /S/ Seth A. Kreiner
_____
Seth A. Kreiner

Dated: November 14, 2018